IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT DANIEL MAXIN,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON HEARTFORD,<br><br>Defendant. | Cause No. CV 21-75-GF-BMM<br><br>ORDER |

Plaintiff Robert Maxin moves to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983, alleging violation of his civil rights. Maxin is a state prisoner proceeding pro se. For the following reasons, the Court will deny the motion to proceed in forma pauperis and dismiss the case.

## I. Screening

Because Maxin is a prisoner, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court must

dismiss, nonetheless, a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Leave to proceed in forma pauperis may be denied on the grounds that a complaint is frivolous in light of controlling law. *See, e.g.*, *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam).

## II. Allegations of the Complaint

Maxin alleges that he received bad advice from two lawyers concerning the meaning of a temporary restraining order issued by a state court. The order required him to maintain a distance of at least 300 feet from another person. One attorney, Mayo Ashley, told him that the order did not mean he must leave his residence, even though it was less than 300 feet from the protectee's home. Ashley passed away before Maxin's sentencing hearing. *See* Compl. (Doc. 2) at 1–2.

Maxin's complaint focuses on a second attorney, Defendant Heartford. Maxin asserts that Heartford "should have questioned Attorney Ashley" at a hearing "about his advice given regarding the TRO." *See id.* at 2. Maxin also contends that Ashley's advice led him to enter a guilty plea that was not knowing, voluntary, and intelligent. *See id*. Maxin concludes that "[a]ttorney influence at that time of the plea change was evident and Attorney Heartford failed to uphold my civil rights in not quizzing Attorney Ashley about those issues and about his failing health due to Cancer." *Id.* For his relief, Maxin seeks compensation of $100 "or what the Court determines to

be fair and just." *Id*. at 3.

### III. Analysis

A claim under 42 U.S.C. § 1983 has two elements. First, the plaintiff must show that a person deprived him of a constitutional right; and second, he must show the person acted under color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

A person acts "under color" of state law when he exerts authority "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *see also Naffe v. Frey*, 789 F.3d 1030, 1036–39 (9th Cir. 2015). The central question is whether "the alleged infringement of federal rights [is] fairly attributable to the government." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal brackets and citation omitted).

The United States Supreme Court holds that a lawyer does not act "under color" of law when he represents a client in court. *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). Appointed or retained, successful or unsuccessful, the core function of a defense attorney is to serve the interests of the client, not the interests of the government. *See id*. at 317–19. As Maxin's allegations show that Heartford did not act under color of law, he cannot be sued under 42 U.S.C. § 1983.

## IV. Conclusion

The facts Maxin alleges do not support a claim for relief under federal law. Amendment will not cure this defect. To state a claim, Maxin would have to allege different facts, not merely additional facts. The action must be dismissed.

Because the case is controlled by *Polk County*, Maxin's motion to proceed in forma pauperis is denied. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, **IT IS ORDERED**:

1. Maxin's motion to proceed in forma pauperis (Doc. 1) is **DENIED**.
2. The action is **DISMISSED** as frivolous.
3. The clerk shall enter, by separate document, a judgment of dismissal.

DATED this 24th day of June, 2021.

*/s/ Brian Morris*
_____
Brian Morris, Chief District Judge
United States District Court